Defendants have paid four physicians to examine plaintiff following her compensable knee injury, chosen by the plaintiff or her treating physician as a result of her continuing complaints. They have been unable to objectively determine a basis for these complaints or recommend additional treatment. Plaintiff's counsel declined to agree to an examination by a physician suggested by a Commission nurse, for which defendants had agreed to pay. The parties are before the Commission now because defendants have declined to promise payment to yet another physician of plaintiff's choosing. In light of the results of the prior examinations, this is a wholly reasonable position. Should the plaintiff come forward with a physician's opinion that some yet untried examination or treatment can reasonably be expected to lead to relief of her complaints, the Commission could order payment if the defendants do not voluntarily agree to it. N.C. Gen. Stat. § 97-25. However, in the present posture of the evidence, the Deputy Commissioner's decision was correct.
Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
The following were entered into by the parties at the hearing before the Deputy Commissioner as
STIPULATIONS
1. At the time of the injury by accident, the parties were subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed between defendant-employer and plaintiff.
3. Variety Wholesalers, Inc. was a self-insured employer.
4. Plaintiff's average weekly wage was $174.00.
5. On October 19, 1993, plaintiff sustained an injury by accident arising out of and in the course of her employment with defendant-employer.
In addition, the parties stipulated into evidence, an indexed packet of medical records and reports, and they submitted a pre-trial order dated May 25, 1995 which is incorporated by reference.
* * * * * * * * * * * * *
Based upon all the competent credible evidence of record, the Full Commission makes the following additional
FINDINGS OF FACT
1. As of October 19, 1993, plaintiff had been employed by defendant for six months at its Super Ten Store in Farmville. Her duties included operating the cash register, working in the stock room and performing other jobs in the store as necessary. She sustained a compensable injury by accident on that date when her foot went through the floor in the bathroom and she hurt her left knee.
2. On October 21, 1993 plaintiff went to her family doctor, Dr. Barrow, for evaluation and treatment of left knee pain. He limited her activity and treated her with medication and injections. Although her symptoms improved so that she was able to subsequently return to work, she continued to complain of persistent pain. Consequently, he referred her to Pitt Orthopaedic Service where she saw Dr. Wilhelmsen on December 9, 1994. Dr. Wilhelmsen found no effusion, warmth or instability of her knee on examination, and x-rays revealed no evidence of trauma or pre-existing condition. He ordered an MRI to rule out a problem he could not otherwise detect and it was within normal limits. Consequently, he had no further treatment to offer her and referred her back to Dr. Barrow for follow-up care.
3. Plaintiff then returned to Dr. Barrow who prescribed physical therapy and periodically injected her knee. However, on March 21, 1994 he indicated that he had no finite explanation for her continued problems. That summer he referred her to Dr. Ramsdell, a rheumatologist, who examined her on July 14, 1994. Dr. Ramsdell thought arthroscopy would be appropriate and decided to refer her back to her orthopaedic surgeon, but plaintiff asked that he refer her to Dr. Williams, instead. Consequently, she saw Dr. Williams on August 29. His examination revealed no swelling, warmth or effusion, normal motion and no instability. He was unable to explain her symptoms and could not confirm that there was anything wrong with her knee. Consequently, he did not recommend further treatment and was of the opinion that she had no permanent partial impairment.
4. Dr. Barrow continued to see plaintiff for persistent complaints with her left knee. By March 1995 she was complaining of problems with other areas of her body as well, so he sent her back to Dr. Ramsdell for another rheumatology consultation. Dr. Ramsdell examined her on March 22, and thought she had signs of pes anserine bursitis. He recommended that she return to Dr. Williams, but she had only seen Dr. Barrow by the date of hearing.
5. Plaintiff has requested that she be allowed to see a doctor of her choosing and she testified that she had not chosen any of the doctors she had seen. However, she in fact chose both Dr. Barrow and Dr. Williams. None of her medical treatment was directed by defendant. Either she chose the doctor or was referred by Dr. Barrow. Considering the paucity of physical findings on prior examinations, and considering the fact that she rejected assistance by the Commission's Medical Services Department in determining a doctor mutually agreeable to the parties, it appears that examination by a different doctor should not be ordered.
* * * * * * * * * * *
Based on the foregoing findings of fact, the Full Commission makes the following additional
CONCLUSION OF LAW
Plaintiff is not entitled to see another physician of her choosing. Furthermore, examination by a different doctor is not appropriate under the circumstances of the case even though the Commission has the discretionary authority to order it. G.S. § 97-97 (19); G.S. § 97-25; G.S. § 97-27.
* * * * * * * * * * *
Based upon the foregoing findings of fact and conclusions of law, the undersigned enters the following
ORDER
1. Plaintiff's motion that she be allowed to see another doctor of her choice is DENIED.
2. Each side shall pay its own costs.
 S/ __________________________ J. RANDOLPH WARD COMMISSIONER
CONCURRING:
S/ __________________________ BERNADINE S. BALLANCE COMMISSIONER
S/ __________________________ LAURA K. MAVRETIC COMMISSIONER
JRW:md